IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GLENN DOCKINS, )
)
    Plaintiff, )
)
v. ) Case No. CIV-10-934-M
)
STATE OF OKLAHOMA, *et al.*, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

The Court should dismiss the present action without prejudice for failure to timely serve the defendants with the complaint.

Generally, service of process is required within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m).[1] In light of the need for screening, the Court delayed the start of the 120-day period until the authorization of service.[2] With 120 days, the Plaintiff had until March 15, 2011, to file proof of service. Three days after the deadline expired, the Court directed Mr. Dockins to serve the Defendants or to show cause why the action should not be dismissed. The deadline was April 2, 2011, and the Court warned that noncompliance could result in dismissal of the claims.

---

[1] Although Mr. Dockins appears *pro se*, he "is still obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (citation omitted).

[2] Order Requiring Service and Special Report at p. 2 ¶ 6 (Nov. 15, 2010); *see* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)).

Even with the extension and warning, the Plaintiff has apparently failed to serve the Defendants and has not responded to the show cause order. The extended deadline lapsed six days ago.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent:

1. the statute of limitations,

2. service on the United States, and

3. evasion of service.

*See id*. at 842. None of the factors supports an extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action. *See id.* If the present action is considered timely, the Plaintiff would have one year to refile the action under Oklahoma's savings statute.[3] Thus, the suggested dismissal would not prevent timely assertion of Mr. Dockins' current claims. This factor weighs against a further extension of time for service.

---

[3] *See* Okla. Stat. tit. 12 § 100 (2001); *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); *cf. Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (stating that Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma" (citation omitted)).

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States. *See id.* Here, the lack of service does not involve the United States. As a result, this factor would be immaterial in the present action.

Third, courts may consider whether the defendants are avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)). No evidence exists regarding evasion of service. As a result, this factor would support dismissal rather than a further extension of time.

The Plaintiff has not shown good cause for a further extension of time to effect service. Indeed, the record suggests that the Plaintiff was aware of his obligation to serve all defendants in a timely manner. The Court told Mr. Dockins that:

- he had 120 days for service and the filing of proof of service and
- the action could be dismissed if he failed to timely file proof of service.

The Court has previously extended his time for service and gave Mr. Dockins an opportunity to explain his delay. The Plaintiff simply failed to heed the warning, and the Court should dismiss the action without prejudice to refiling.

Mr. Dockins can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by April 25, 2011. *See* 28 U.S.C.

636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[4]

The referral is discharged.

Entered this 8th day of April, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[4] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").